IRENE BURNEY and Husband *v.* JOHN BROWN, Tutor, and another:

In an action, on an open account, against the heirs amongst whom a succession has been partitioned, for articles furnished to their ancestor, interest will be allowed from judicial demand, and not from the death of the ancestor.

APPEAL from the District Court of Rapides, *King*, J.

MARTIN, J. The plaintiffs claim from the defendants the value of eighty thousand bricks, and the rent of fifty-nine acres of land, amounting, according to an account annexed to the petition, to $1255. The defendants pleaded the general issue, and prescription. There was judgment against them for $800, with interest at the rate of five per cent per annum ; and they have appealed: It is contended, on the part of the defendants, that the plaintiffs' claim for bricks was properly reduced to one for forty thousand, as in a suit formerly brought in the Court of Probates, they had claimed payment for the latter quantity only, and there is some evidence that no greater quantity was delivered. It is also urged that the court erred in allowing interest, the suit having been brought against the heirs in the District Court, after a partition of the succession among them.

There is an admission in the record that no judicial claim was made of the rent, until the inception of the suit in the Court of Probates, in January, 1839. The claim is for rent in 1832. Admitting that it began on the last day of that year, it expired on the same day in the year 1833, when the prescription began to run, and was acquired on the last day of the year 1836. The suit in the Court of.Probates was not brought until several years afterwards, to wit, in January, 1839.

The plaintiffs, therefore, had no legal claim except for the bricks. The court sustained it for eighty thousand bricks, at $10 per thousand, and gave judgment for $800. We think that it erred, and that forty thousand bricks only were proved to have been delivered. The interest was improperly allowed from the first of January, 1834, the period of the death of the defendants' ancestor. Under the Code of Practice, it ought to have been allowed from the inception of the suit in the Court of Probates.

It is, therefore, ordered, that the judgment be annulled and

reversed, and that the plaintiffs recover from the heirs the sum of four hundred dollars, with interest at the rate of five per cent per annum from the 15th of April, 1839, until paid, each of them paying his virile part thereof, to wit, John Brown, tutor to the minor Joseph Brown, the sum of one hundred and thirty-three dollars and thirty-three and a third cents, with interest aforesaid; the said Brown as tutor of the minor Clarissa Brown, the sum of one hundred and thirty-three dollars and thirty-three and a third cents, with interest as aforesaid; and Dicy Brown, the wife of V. F. Cotton, the sum of one hundred and thirty-three dollars and thirty-three and a third cents, with interest as aforesaid. The costs of the appeal to be born by the plaintiffs, and those of the court below by the defendants *in solido*.

*Brent*, for the plaintiffs.

*Hyams*, for the appellants.